No. 2396
Second Circuit Appeal

---

COY W. CATES v. BAIN-BEARD WELD-ING AND MACHINE CO.

---

(June 27, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant—Par. 159.**
Where, in a workmen's compensation case, under Act No. 20 of 1914, the evidence clearly shows that plaintiff has had steady work since the accident, and has been able to earn more than he earned at the time of the accident, he is not entitled to any additional compensation.

2. **Louisiana Digest—Master and Servant—Par. 159.**
Where the evidence in a workmen's compensation case under Act No. 20 of 1914 clearly shows that the plaintiff's injury, hernia, is no worse now than it was at the time of the former trial, he is clearly not entitled to additional compensation under the act.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

This is a suit brought by an injured employee under the Workmen's Compensation Act No. 20 of 1914 to review the judgment previously rendered and take evidence of present alleged disability.

Defendant filed an exception of no cause of action and plea of res adjudicata.

Judgment for defendant and plaintiff appealed.

Judgment affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

J. S. Atkinson, Alex F. Smith, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. This is a suit by Coy W. Cates against Bain-Beaird Welding & Machine Company to review the judgment rendered in suit No. 34,376 on the docket of the First Judicial District Court of Louisiana, Parish of Caddo, entitled Coy W. Cates versus Bain-Beard Welding & Machine Company, on July 31, 1923.

He asks that judgment be modified so as to allow him compensation at the rate of $10 per week during his disability, not exceeding 400 weeks.

Defendant filed an exception of no cause of action.

Defendant also filed in this court a plea of *res adjudicata.*

Reserving their rights under their exception of no cause of action, defendants answered denying liability.

On these issues the case was tried and there was judgment in favor of defendant and plaintiff appealed.

## OPINION.

On February 16, 1923, plaintiff sued defendant for $8.10 per week on the ground that he had sustained a hernia while lifting a heavy load in the course of his employment by defendant and that in consequence his earning capacity had been reduced from 30 cents per hour for a day of ten hours or $18 per week before the injury to $4.50 per week after the injury.

He was given judgment for $10.62 per week for eight weeks and for $150 for the cost of an operation.

After more than a year elapsed from the date of the rendition of that judgment he filed this suit on the ground that his hernia had grown worse and his capacity to earn wages had diminished since that judgment was rendered.

He testifies, page 3:

"Q. About how much are you able to make now for the few days that you can work?

"A. I am not able to earn more than $1 per day."

(Page 4):

"Q. How much per day did you make out there?

"A. I made $2 per day.

"Q. Isn't it a fact that you made $3 per day?

"A. It is not."

(Page 5):

"Q. Did you hold a job on the machine out there for about a year—and a regular job—out there for one year?

"A. About a year."

* * *

"Q. Well others who were feeding the same kind of a machine that you were feeding were getting $3?

"A. Two dollars was all they paid me."

(Page 9):

"Q. What percentage of time did you work while you were at that mill, Mr. Cates?

"A. Well I worked there pretty nearly regularly all the time because I had to do it to live."

L. L. Fuller, time-keeper of the Perfection Oak Flooring Company, the mill at which plaintiff worked, testified, page 20:

"Q. What is your occupation, Mr. Fuller?

"A. Time-keeper for the Perfection Oak Flooring Company."

* * * *

"Q. Please state when Mr. Cates started to work out there?

"A. May 18, 1923.

"Q. What was his rate at that time?

"A. Thirty cents per hour and working on a ten-hour basis that is $3 per. day.

"Q. How long did he work at that rate?

"A. A little less than a month—from May 18th—no, less than two months to June 4th.

"Q. After that what was his rate?

"A. Thirty-five cents per hour making $3.50 per day."

* * * *

(Page 22):

"Q. How long did he work at that rate?

"A. Until he left the service on May 30th, 1924."

From this evidence we are convinced that plaintiff had steady work since the accident for about a year and that he has been able to earn more than he was able to earn before the accident.

As to the contention that his hernia has grown worse.

Doctor G. H. Cassity, a witness for plaintiff, testified, page 12:

"Q. Doctor, did you examine the plaintiff again today or yesterday?

"A. It has been about a week ago.

"Q. What do you find his condition to be as regards the last trial?

"A. I find his condition practically the same as it was the first time.

"Q. Do you find any enlargement or shrinkage?

"A. Not enough so that I could notice it—if any."

Doctor A. P. Crain, an eminent physician of Shreveport, testified, as witness for defendant, page 17:

"Q. Have you had occasion to examine Mr. Cates recently?
"A. Yes, sir.
"Q. When was that?
"A. I believe it was yesterday.
"Q. Please state to the court what the results of your examination were?
"A. I found a small bubonocele—that is, the beginning of hernia, just about like I found before. I did not see much difference if any."

(Page 18):
"Q. What is bubonocele?
"A. That is the beginning of hernia; before the hernia has gotten down into the sack—where it protrudes and is beginning to push the peritoneum out of the interior ring.
"Q. Do you think that this hernia is any worse than it was before?
"A. As far as I can see, no, sir."

From this evidence we are convinced that plaintiff's injuries are no worse now than they were at the time of the former trial.

Under our findings of fact it is unnecessary for us to pass upon defendant's exception of no cause of action or plea or *res adjudicata.*

For these reasons it is ordered, adjudged and decreed that the judgment of the lower court be affirmed.